## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMIEL L. WILLIAMS,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:23-cv-00914** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **PICC MEDICAL DEPARTMENT,** | : | |
| <u>et</u> <u>al.</u>, | : | |
| **Defendants** | : | |

### MEMORANDUM

<u>Pro se</u> Plaintiff Jamiel L. Williams ("Plaintiff"), a convicted and sentenced state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), is currently incarcerated at State Correctional Institution Huntingdon ("SCI Huntingdon") in Huntingdon, Pennsylvania.  He commenced the above-captioned action by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983"), asserting violations of his constitutional and federal rights while incarcerated there.  (Doc. No. 1.)  In accordance with the Prison Litigation Reform Act,[1] the Court conducted an initial review of Plaintiff's complaint and dismissed Plaintiff's complaint for failure to state a claim upon which relief could be granted. (Doc. Nos. 11, 12.)  The Court also granted Plaintiff leave to file an amended complaint.  (<u>Id.</u>)  Currently pending before the Court is Plaintiff's amended

---

[1]  <u>See</u> The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

complaint.  (Doc. No. 13.)  For the reasons set forth below, the Court will dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and the Court will direct the Clerk of Court to close this case.

## I.    BACKGROUND

### A.    Plaintiff's Complaint

On June 5, 2023, Plaintiff filed his complaint and a motion seeking the appointment of counsel.  (Doc. Nos. 1, 2.)  On that same date, the Court issued a Thirty (30)-Day Administrative Order, directing Plaintiff to either pay the requisite filing fee or file a signed motion for leave to proceed in forma pauperis.  (Doc. No. 5.)  Plaintiff subsequently filed two (2) motions seeking leave to proceed in forma pauperis (Doc. Nos. 6, 8) and two (2) financial statements concerning his prison trust fund account (Doc. Nos. 7, 9).

In his complaint, Plaintiff named the following defendants: SCI Huntingdon medical department; CHCA McCorkle, the "head of medical" at SCI  Huntingdon; J. Rivello, the warden/facility manager at SCI Huntingdon; Starr, the chaplain of SCI Huntingdon; Keri Moore, the DOC's assistant chief grievance officer; D. Varner, the DOC's chief grievance officer; the Bureau of Health Care Services;[2] the

---

[2]  Plaintiff appeared to be referring to the DOC's Bureau of Health Care Services. (Doc. No. 1 at 1, 2.)  The DOC's "Offices and Bureaus" can be located at the following address: https://www.cor.pa.gov/About%20Us/Pages/Offices-and-Bureaus.aspx.  One of those "Offices and Bureaus" is titled, "Health Care[.]"  See id.

Philadelphia Industrial Correctional Center ("PICC") medical department; and John and Jane Does from the PICC medical department.  (Doc. No. 1 at 1, 2.)  In addition, Plaintiff separated his complaint into two (2) sections, titled: "FACTS – COMPLAINT #1" and "FACTS – COMPLAINT #2."  (Id. at 2, 3.)

In "COMPLAINT #1[,]" Plaintiff set forth the following allegations.  Plaintiff entered DOC custody in June of 2019, at which time a doctor at the PICC medical department diagnosed him with diabetes and prescribed him metformin HCI 500 mg tablet.  (Id. at 2.)  Plaintiff took this mediation up until August 2021, when he was transferred to SCI Huntingdon.  (Id.)  Sometime after arriving at SCI Huntingdon, Plaintiff sent a "Request of Staff" to Paula Price and Dr. R. Malhui because he was not receiving his medication.  (Id.)  Plaintiff did not receive a reply from them, but, as he later found out, they no longer worked at SCI Huntingdon.  (Id.)  As a result, Plaintiff went without his medication, including metformin, from August of 2021 to November of 2022.  (Id. at 3.)

Thereafter, in December of 2022, Plaintiff submitted "a religious form for a fast (not eating til [sic] sunset) from food for the month[.]"  (Id.)  It was at this time that the SCI Huntingdon medical department "noticed [he] was a diabetic and was asked to take a blood sample to be cleared to participate in the fast[.]"  (Id.)  The blood results revealed that his "levels" were "high" but "no medication is needed in December of 2022[.]"  (Id.)

Based upon the foregoing, Plaintiff claimed that there was "Deliberate Indifference" and "NEGLECT" on the part of Defendant SCI Huntingdon medical department for failing to give him his medication and/or there was "MISDIAGNOSES" on the part of Defendant PICC medical department for diagnosing him with diabetes and prescribing him medication in the first place.  (Id. at 3, 4.)  Plaintiff further claimed that Defendants Moore and Varner, the grievance officers, made a "wrong determination" and relied upon the "advice" of Defendant Bureau of Health Care Services, "which was wrong [and] they're all conspiring with eachother [sic]."  (Id. at 3.)

In "COMPLAINT #2[,]" Plaintiff set forth the following allegations.  On April 12, 2022, Plaintiff was asked to disclose his religious preference, which is "NATION OF GODS & EARTHS/FIVE PERCENT[.]"  (Id.)  Plaintiff filled out the religious form, and it was returned to him two (2) days later, on April 14, 2022.  (Id.)  SCI Huntingdon "does not have classes where he can practice his faith with fellow faithers[.]"  (Id.)  In addition, SCI Huntingdon has denied some of the "religious correspondence" that Plaintiff has sent to the "Founding School[,] ALLAH SCHOOL IN MECCA, 2122 7TH AVE NEW YORK, N.Y. 10027[.]"  (Id.)

Plaintiff "wrote" to Defendant Starr and asked why there are no classes for his religion, like there are for Christians, Catholics, and Sunni Muslims.  (Id.)  Plaintiff was directed to fill out a religious accommodation form with all members who would

4

attend in order for the class to get approved.  (Id. at 3–4.)  Other religions at SCI Huntingdon, however, do not have to go through this process.  (Id. at 4.)  Based upon the foregoing, Plaintiff asserts that Defendant Starr violated his First and Fourteenth Amendment rights, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Religious Freedom and Restoration Act.  (Id. at 3, 4.)

On September 6, 2023, the Court, inter alia, granted Plaintiff leave to proceed in forma pauperis, denied without prejudice his motion for the appointment of counsel, and issued a Memorandum and Order conducting an initial review of his complaint.  (Doc. Nos. 11, 12.)  In doing so, the Court treated Plaintiff's complaint as asserting violations of his First, Eighth, and Fourteenth Amendment rights pursuant to the provisions of Section 1983.  (Id.)  The Court also treated Plaintiff's complaint as asserting violations of RLUIPA and RFRA.  (Id.)

Ultimately, the Court dismissed Plaintiff's claims against Defendants SCI Huntingdon medical department, the Bureau of Health Care Services, the PICC medical department, and the Unknown Doctors and Nurses at the PICC Medical Department without leave to amend.  (Id.)  In addition, the Court dismissed Plaintiff's claims against Defendants McCorkle, Rivello, Moore, Varner, and Starr, but, with leave to amend.  (Id.)  In accordance with the Court's Memorandum and Order, Plaintiff filed his amended complaint on October 2, 2023.  (Doc. No. 13.)

### B.    Plaintiff's Amended Complaint

In his amended complaint, Plaintiff names the following defendants: CHCA McCorkle ("McCorkle"), the medical director at SCI Huntingdon; Gabbey Nalley ("Nalley"), a physician's assistant at SCI Huntingdon; J. Rivello ("Rivello"), the superintendent/facility manager at SCI Huntingdon; E. Cruz ("Cruz"), a deputy warden at SCI Huntingdon; Stair ("Stair"), the chaplain at SCI Huntingdon; Varner ("Varner"), the DOC's chief grievance officer; K. Moore ("Moore"), the DOC's assistant chief grievance officer; Reverend Ulli Klemm ("Klemm"), the DOC's "priest-rev.[;]" and "City of Philadelphia, United States."  (Doc. No. 13 at 1, 2–4.) Plaintiff sets forth the following allegations against these Defendants.[3]

Plaintiff was transferred from "County Jail to State Jail taking life risking [d]iabetic [m]edication[.]"  (Id. at 5.)  Defendants McCorkle and Nalley "know[ ] of Plaintiff's medical" and were deliberately indifferent and negligent in denying him his diabetic medication, thereby putting his life in danger.  (Id.)  In addition, Defendant Starr is cutting weekly meetings to bi-weekly meetings.  (Id.)  Defendant

---

[3] In accordance with the legal standard set forth below, the Court accepts the allegations in Plaintiff's amended complaint as true and draws all reasonable inferences therefrom in the light most favorable to Plaintiff.  See Kedra v. Schroeter, 876 F.3d 424, 434 (3d Cir. 2017).  In addition, the Court heeds the long-standing principle that pro se documents are "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Thus, Plaintiff's pro se amended complaint, "however inartfully pleaded," will be held to "less stringent standards than formal pleadings drafted by lawyers[.]"  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Klemm approved these "restrictions." (<u>Id.</u>) Further, Defendant Rivello fails to train subordinates and the polices that are in place at SCI Huntingdon are unconstitutional. (<u>Id.</u>) Moreover, he challenges Defendants Varner and Moore's "decision to make the wrong determination denying chronic care medication[,] which caused Plaintiff to have black out spells [and] a slight heart attack." (<u>Id.</u>) Finally, Defendant City of Philadelphia, United States, via the deputy warden of PIIC, hired the staff in the PICC medical department, which misdiagnosed Plaintiff with diabetes and caused "SCI Huntingdon's denial of life chronic care medication[.]" (<u>Id.</u>)

In connection with these various allegations, Plaintiff asserts a violation of his rights under the First and Eighth Amendments to the United States Constitution, as well as violations of RLUIPA and the Federal Tort Claims Act. (<u>Id.</u> at 6.) As for relief, he seeks injunctive and monetary relief. (<u>Id.</u>)

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to review complaints in civil actions where a litigant is proceeding <u>in forma pauperis</u>. <u>See</u> 28 U.S.C. § 1915(e)(2). If the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, then the district court must dismiss the complaint. <u>See</u> <u>id.</u> In dismissing claims under § 1915(e)(2), district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of

7

Civil Procedure. <u>See</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

When evaluating the plausibility of a complaint, the Court is required to "accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." <u>See</u> <u>Mayer v. Belichick</u>, 605 F.3d 223, 229 (3d Cir. 2010); <u>Kedra v. Schroeter</u>, 876 F.3d 424, 434 (3d Cir. 2017) (stating that the court "must accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]" (citation and internal quotation marks omitted)).

Additionally, in the specific context of <u>pro se</u> prisoner litigation, a district court must be mindful that a document filed <u>pro se</u> "is to be liberally construed." <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). A <u>pro se</u> complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted).

## III.   DISCUSSION

The Court treats Plaintiff's amended complaint as asserting violations of his First and Eighth Amendment rights pursuant to Section 1983 against Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr. (Doc. No. 13.) The Court also treats Plaintiff's amended complaint as asserting violations of RLUIPA against Defendants Klemm and Starr.   (Id.)   Finally, the Court treats Plaintiff's amended complaint as asserting a claim under the Federal Tort Claims Act against Defendant City of Philadelphia, United States.   (Id.)   The Court addresses each of these claims in turn.

### A.   Section 1983

Section 1983 provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

See 42 U.S.C. § 1983.  Thus, "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." See Shuman v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005) (citation omitted).  Section 1983 "does not create any new substantive rights but instead

provides a remedy for the violation of a federal constitutional or statutory right."
See id. (citation omitted).

### 1.    Personal Involvement in a Section 1983 Action

As explained to Plaintiff in the Court's prior Memorandum and Order (Doc. Nos. 11, 12), in order to plausibly state a claim under Section 1983, Plaintiff must allege that each defendant was personally involved in the act or acts that he claims violated his federally protected rights.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  "A plaintiff makes sufficient allegations of a defendant's personal involvement by describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."  Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (citing Rode, 845 F.2d at 1207); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)).  Thus, in pursuing any Section 1983 claim against prison officials, a plaintiff may not rely solely on respondeat superior, see id. (citation omitted), which is a theory of liability that "arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm[,]" see Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 692 (1978)).

Here, while Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr have been named as Defendants in the caption of Plaintiff's amended complaint, there is a complete absence of factual allegations in his amended complaint which would establish how these Defendants were personally involved in a violation of his constitutional rights. See Dooley, 957 F.3d at 374 (stating that "[p]ersonal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence'" (quoting Rode, 845 F.2d at 1207)); Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (explaining that, in order for a plaintiff to prevail under Section 1983, he must make "a showing that each defendant was personally involved in the alleged wrongdoing").

Instead, the assertions in Plaintiff's amended complaint constitute nothing more than conclusory statements of wrongdoing, which are not entitled to the assumption of truth.  See Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 222 (3d Cir. 2015) (explaining that the plaintiff's allegations did not describe the defendants' conduct in sufficient detail so as to support the plaintiff's conclusory allegations that the defendants had any personal involvement in any violation of her constitutional rights, as required by Section 1983 (citation omitted)); Hayes v. Gilmore, 802 F. App'x 84, 87 (3d Cir. 2020) (unpublished) (concluding that the plaintiff failed to state a claim under Section 1983 where his conclusory statements regarding the wrongdoing of the prison staff were insufficient to demonstrate their

necessary personal involvement in the allegedly unconstitutional conduct); <u>see also</u> <u>Iqbal</u>, 556 U.S. at 678 (stating that legal conclusions are "not entitled to be assumed true" (citation omitted)).  Accordingly, any Section 1983 claims against Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr are subject to dismissal for Plaintiff's failure to allege their personal involvement.

### 2. Rule 8 of the Federal Rules of Civil Procedure

In addition to Plaintiff's failure to allege the personal involvement of Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr, the Court finds that Plaintiff's amended complaint also fails to satisfy Rule 8 of the Federal Rules of Civil Procedure with respect to these Defendants.  Rule 8 governs the general rules of pleading, and it requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  <u>See</u> Fed. R. Civ. P. 8(a)(2).  This short and plain statement must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which those claims rest.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  "In other words, a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts."  <u>Fowler</u>, 578 F.3d at 211 (citation and internal quotation marks omitted).  Under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and

persons responsible."  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted).

Here, although Plaintiff's amended complaint asserts conclusory statements of wrongdoing by Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr, it does not provide supporting factual averments as to when, where, and how such alleged wrongdoing occurred.  By way of example, Plaintiff's amended complaint does not specify where he had interactions with these Defendants or how those interactions occurred.  For instance, Plaintiff's amended complaint does not explain whether he was seen by these Defendants in person, whether he simply wrote to these Defendants seeking medical care or relief with respect to the bi-weekly "meetings," or whether he utilized some other form of communication.

Under federal pleading rules, it is insufficient for Plaintiff's amended complaint to simply assert that he is entitled to relief based upon Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm and Starr's alleged refusal to provide care and/or alleged wrongdoing with respect to the bi-weekly "meetings." (Doc. No. 13 at 5.)  Instead, Plaintiff must show, through factual averments in his pleading, when, where, and how their alleged failure to provide care occurred. Because Plaintiff has not made this showing here, the Court concludes that his amended complaint is subject to dismissal for failure to comply with Rule 8 of the

Federal Rules of Civil Procedure.  See Evancho, 423 F.3d at 353 (citation omitted) (stating that, under the pleading standard of Rule 8, "[t]he Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible" (citations omitted)); see also Iqbal, 556 U.S. at 678 (explaining that "the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Fowler, 578 F.3d at 211 (providing that "a complaint must do more than allege the plaintiff's entitlement to relief[; it] has to show such an entitlement with its facts" (citation and internal quotation marks omitted)). Accordingly, Plaintiff's Section 1983 claims against Defendants McCorkle, Nalley, Rivello, Moore, Varner, Cruz, Klemm, and Starr are subject to dismissal for failure to comply with Rule 8.

**B.    RLUIPA**

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person" furthers "a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest."  See 42 U.S.C. § 2000cc-1(a).  Under RLUIPA, a prisoner bears the initial burden of showing that his religious exercise is grounded in a sincerely held religious belief

and that the defendant's action has substantially burdened his religious exercise.  See

Holt v. Hobbs, 574 U.S. 352, 360–61 (2015).  Once the prisoner makes this showing,

the burden shifts to the defendant to show that the substantial burden on the

prisoner's religious exercise furthers "'a compelling governmental interest'" and

"'[is] the least restrictive means of furthering that compelling governmental

interest.'"  See id. at 362 (quoting 42 U.S.C. § 2000cc–1(a)).

Here, Plaintiff does not identity, with any specificity or clarity, a religious

exercise in his amended complaint.[4]  See (Doc. No. 13).  In addition, Plaintiff does

not allege that this religious exercise was grounded in a sincerely held religious

belief.  See (id.).  Finally, Plaintiff does not assert that actions taken by Defendants

Klemm or Starr have substantially burdened his religious exercise.  See (id.).

Accordingly, Plaintiff's amended complaint fails to state a RLUIPA claim upon

which relief can be granted.

### C.    Rules 18 and 20 of the Federal Rules of Civil Procedure

In addition to the deficiencies discussed above, the Court also finds that

Plaintiff's amended complaint fails to comply with Rule 20 of the Federal Rules of

Civil Procedure.  Rules 18 and 20 explain the circumstances in which multiple

---

[4]    At most, Plaintiff's amended complaint alleges that there was a change in the "meetings"—in that, those meetings went from weekly to bi-weekly.  (Doc. No. 13 at 5.)  However, no factual context is set forth in his amended complaint to explain these meetings or the alleged change in these meetings.

claims and multiple defendants may be joined in a single action. Rule 18 provides that "[a] party asserting a claim . . . may join . . . as many claims as it has against an opposing party." <u>See</u> Fed. R. Civ. P. 18(a). In other words, when an action pertains to only one defendant, a plaintiff may assert every claim that he has against that defendant, regardless of whether the Plaintiff's claims are factually or legally related to one another, subject to the limitations of federal subject-matter jurisdiction. <u>See</u> 7 Charles Alan Wright & Arthur Miller, <u>et al.</u>, Federal Practice & Procedure § 1582 (3d ed.); <u>see also</u> Fed. R. Civ. P. 18(a).

When, however, a plaintiff seeks to join multiple defendants in a single action, Rule 20 becomes relevant. <u>See</u> Wright & Miller, <u>supra</u>, § 1655. More specifically, Rule 20 governs permissive joinder of parties and provides that a plaintiff may only join multiple defendants in a single action if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" <u>and</u> (2) "any question of law or fact common to all defendants will arise in the action." <u>See</u> Fed. R. Civ. P. 20(a)(2). Thus, notwithstanding the broad joinder-of-claims language of Rule 18(a), a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim connecting all defendants that (1) arises out of the same transaction or occurrence and that (2) involves a common question of law or fact. <u>See</u> <u>id.</u>; Wright & Miller, <u>supra</u>, § 1655. In other words, there must be at least

one common claim against all of the named defendants. Once a plaintiff satisfies this requirement, he may invoke Rule 18 to assert "as many claims as [he] has" against one or more defendants, even if those additional claims are unrelated to the common claim linking all of the defendants.  <u>See</u> Fed. R. Civ. P. 18(a); Wright & Miller, <u>supra</u>, § 1655.

Here, the Court finds that Plaintiff's amended complaint violates Rule 20. Much like his complaint, the Court is unable to discern a single claim in his amended complaint that properly connects <u>all</u> of the named Defendants.  For instance, there is no obvious connection between the medical allegations and the apparent religious allegations.  (Doc. No. 13 at 5.) Accordingly, under Rule 20, the Court concludes that Plaintiff's disconnected and unrelated claims cannot proceed against the numerous Defendants that he has named in the amended complaint.

In addition, the Court notes that Plaintiff's noncompliance with Rule 20 is particularly problematic in light of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the full filing fee must ultimately be paid by a prisoner-plaintiff in a non-habeas action. Thus, allowing a prisoner-plaintiff to include a number of independent claims in a single civil action without making the required connection among the joined defendants under Rule 20 would, effectively, circumvent the filing fee requirement of the PLRA.  <u>See, e.g.</u>, <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that "[u]nrelated claims against different defendants belong

in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees" (citing 28 U.S.C. § 1915(g))); Sanders v. Rose, 576 F. App'x 91, 94 (3d Cir. 2014) (unpublished) (concluding that the district court did not abuse its discretion when it directed the prisoner-plaintiff to amend his original complaint in order to comply with the Federal Rules of Civil Procedure because the plaintiff had included a plethora of separate, independent claims, which would have circumvented the filing fee requirement of the PLRA (citing George, 507 F.3d at 607)).

### D.    The Federal Tort Claims Act

Plaintiff has indicated in his amended complaint that he is proceeding with a negligence action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, against the United States. (Doc. No. 13 at 1.) However, Plaintiff is a state prisoner who has sued numerous individuals, all of whom appear to work for the DOC, a state agency. (Id. at 1, 2–4.) In addition, Plaintiff seeks injunctive and monetary relief from these individuals based upon alleged violations of his constitutional and federal rights that occurred at SCI Huntingdon, a state correctional institution. (Id. at 6.) Thus, the Court treats Plaintiff's complaint as one filed under Section 1983, not the FTCA.  See Ziglar v. Abbasi, 582 U.S. 120, 130 (2017) (explaining that Section

1983 "entitles an injured person to money damages if a state official violates his or her constitutional rights").[5]  As such, any claims asserted under the FTCA will be dismissed.

### E.    Leave to Amend

The final issue is whether Plaintiff should be granted leave to amend his amended complaint.  Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted).

However, the Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"  See id.  The Court may also deny leave to amend where the proposed amendment

---

[5]  To the extent that Plaintiff may wish to sue the City of Philadelphia, the Court notes that Philadelphia does not lie within the territorial boundaries of the Middle District of Pennsylvania; it lies within the territorial boundaries of the Eastern District of Pennsylvania.

would be futile—that is, where the pleading, "as amended, would fail to state a claim upon which relief could be granted." See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) (citations and internal quotation marks omitted).

In accordance with this standard, the Court finds that granting Plaintiff any further leave to amend his claims against Defendants would be futile. The Court previously granted Plaintiff leave to amend his pleading and identified and discussed the same deficiencies set forth above (e.g., the personal involvement of Defendants in this Section 1983 action and compliance with Rules 8 and 20 of the Federal Rules of Civil Procedure). Plaintiff, however, did not correct those deficiencies in his amended complaint. As such, he will not be afforded further leave to amend.[6]

---

[6]  In fact, Plaintiff did not follow the Court's directives in its September 6, 2023 Memorandum and Order. By way of example, Plaintiff was granted leave only to amend his claims against Defendants McCorkle, Rivello, Moore, Varner, and Starr. (Doc. Nos. 11, 12.) Plaintiff's amended complaint, however, names new, additional defendants. By way of further example, Plaintiff was instructed that his amended complaint shall comply with, inter alia, Rules 8 and 20 of the Federal Rules of Civil Procedure. (Id.) Plaintiff's amended complaint, however, fails to do so. Finally, not only has Plaintiff's amended complaint failed to comply with the Court's directives, but it has also included even less factual allegations from his original complaint. (Doc. No. 13 at 5.) As a result, any further leave to amend would be futile here.

## IV.   CONCLUSION

To conclude, the Court will dismiss Plaintiff's amended complaint for failure to state a claim upon which relief can be granted and for failure to comply with the Federal Rules of Civil Procedure.  (Doc. No. 13.)  Plaintiff will not be afforded leave to file a third amended complaint.  An appropriate Order follows.


Dated: January 18, 2024                    s/ Sylvia H. Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge